```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
TRAVIS MARSHALL,                                                 :    09-CV-1764 (ARR) (LB)
                                                                 :
                     Plaintiff,                                  :    NOT FOR PRINT OR
                                                                 :    ELECTRONIC
          -against-                                              :    PUBLICATION
                                                                 :
WILLIAM DOWNEY and DONALD LAMANQUE,                              :    OPINION & ORDER
                                                                 :
                     Defendants.                                 :
                                                                 :
---------------------------------------------------------------- X
```
ROSS, United States District Judge:

Pro se plaintiff Travis Marshall filed his second amended complaint in this action on October 21, 2009. In that complaint, he asserts various claims against defendants William Downey and Donald Lamanque, who are New York City Police Department ("NYPD") officers, and against unnamed defendants the NYPD and the City of New York. Those claims relate to an alleged December 14, 2004 stop and frisk and plaintiff's September 28, 2006 convictions for attempted assault and attempted robbery in New York State Supreme Court. Presently before the court is defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, defendants' motion is granted in part and in part converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which the court defers ruling upon.

## BACKGROUND

On September 28, 2006, plaintiff was convicted of attempted assault and attempted robbery in New York State Supreme Court, Kings County. That court sentenced him to time-served on September 29, 2006. The New York State Appellate Division, Second Department, affirmed plaintiff's convictions on May 13, 2008. The New York Court of Appeals subsequently

1

denied plaintiff's application for leave to appeal from the Second Department's decision. On April 3, 2009, this court denied plaintiff's petition for a writ of habeas corpus challenging his convictions.[1]

On April 27, 2009, plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights were violated during an alleged December 14, 2004 stop and frisk. In his complaint, plaintiff contended that, during the stop and frisk, New York City police detectives took his identification and later used that illegally acquired identification to investigate a robbery. Compl. at 2. That investigation led to plaintiff's arrest and September 28, 2006 conviction. Plaintiff sought reversal of his convictions in his complaint and damages in the amount of $300,000,000.00. Id. at 3. By Order dated June 18, 2009, the court dismissed the complaint for failure to state a claim upon which relief can be granted and because it sought monetary relief against a defendant who is immune. Dkt. No. 4 at 5. However, in light of plaintiff's pro se status, to the extent that he sought to make a claim against a state actor in his or her individual capacity, plaintiff was afforded twenty days to replead his complaint. Id. at 6.

On July 2, 2009, plaintiff submitted a "Notice of Motion," in which he reargued that his convictions should be reversed, substituted the NYPD as the sole defendant listed in the caption, and named the two New York City police detectives, William Downey and Donald Lamanque, who he claims conducted the alleged December 14, 2004 stop and frisk. Dkt. No. 5. The court construed plaintiff's "Notice of Motion" as an amended complaint. By Order dated September 23, 2009, the court dismissed plaintiff's 42 U.S.C. § 1983 claims against the NYPD, and his § 1983 claims against Downey and Lamanque related to his arrest and convictions, for failure to state a claim upon which relief can be granted. Dkt. No. 6 at 8. However, because a liberal

---

[1] The court takes judicial notice of plaintiff's convictions, sentence, state court appeals, and petition for writ of habeas corpus. Marshall v. The People of the State of New York, 08-CV-3882 (ARR), Dkt. No. 11, at 1-3.

reading of plaintiff's complaint indicated that a valid claim might be stated, the court granted plaintiff thirty days to amend his complaint solely as to his claim that the alleged December 14, 2004 stop and frisk conducted by Downey and Lamanque was unconstitutional. Id.

On October 21, 2009, plaintiff filed his second amended complaint. In that complaint, plaintiff substituted Downey and Lamanque as the sole defendants listed in the caption. The complaint alleges that, on December 14, 2004, at approximately 2 p.m., defendants conducted "an unconstitutional and unprivileged stop and frisk of plaintiff by detaining and searching the plaintiff and his body and possessions and by taking plaintiff's identification." Sec. Amend. Compl., Dkt. No. 7, at ¶¶ 3-4. Plaintiff alleges that defendants did not possess a "warrant or a privilege" and lacked probable cause to conduct the stop and frisk and that plaintiff did not consent to the stop and frisk. Id. at ¶¶ 5-9. Plaintiff further asserts that the NYPD violated plaintiff's constitutional rights by instituting a "policy and pattern of stopping and frisking black men carrying of bags without probable cause or privilege to do so." Id. at ¶ 14. Finally, he claims that defendants "maliciously prosecuted plaintiff by causing criminal proceeding to be instituted against plaintiff despite knowing that defendants had violated plaintiff's Constitutional rights." Id. at ¶ 15. In terms of damages, plaintiff contends that "[a]s a result of said constitutional violations by defendants, plaintiff sustained injuries, including, but not limited to, loss of freedom and liberty, psychological, mental and emotional trauma, shame embarrassment and suffering as well as personal and public humiliation." Id. at ¶ 12. He also asserts that, because of defendant's conduct, "plaintiff missed work and lost his job with NYC Transit Authority and earnings in the amount of $60,000.00 and sustained the loss of and damage to his personal and real property in the amount of $25,000.00 . . . ." Id. at ¶ 16. Plaintiff seeks a judgment against defendants Downey and Lamanque in the amount of $10,000,000.00.

3

Submissions from a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prison, 470 F.3d 471, 474 (2d Cir. 2006). The court therefore construes plaintiff's second amended complaint to raise (i) a claim pursuant to 42 U.S.C. § 1983 for constitutional violations committed by defendants Downey and Lamanque during the alleged December 14, 2004 stop and risk, (ii) a claim under state tort law for injuries caused by defendants Downey and Lamanque during that stop and frisk, (iii) a claim for malicious prosecution against defendants Downey and Lamanque pursuant to § 1983 and state tort law, and (iv) a claim for municipal liability pursuant to § 1983 against the NYPD and the City of New York.

Presently before the court is defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants claim that (i) plaintiff's § 1983 claim related to the alleged December 14, 2004 stop and frisk is barred by the statute of limitations, (ii) any state tort law claims raised by defendant related to that stop and frisk are barred under New York General Municipal Law §§ 50-e and 50-i, (iii) plaintiff's malicious prosecution claims are barred by the United States Supreme Court decision in Heck v. Humphrey, 512 U.S. 477 (1994), and (iv) plaintiff has failed to plead a viable municipal liability claim.

For the reasons that follow, defendants' motion with respect to plaintiff's § 1983 and state tort law claims arising from the alleged December 14, 2004 stop and frisk is converted into a motion for summary judgment under Rule 56. The court defers ruling upon that motion. Defendants' motion is granted with respect to plaintiff's malicious prosecution and municipal liability claims.

## DISCUSSION

I.  Legal Standard

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." To grant a motion under that Rule, a court must find that "the moving party is entitled to judgment as a matter of law." Winokur v. Office of Court Admin., 190 F. Supp. 2d 444, 451 (E.D.N.Y. 2002) (citing Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1995)). In deciding a Rule 12(c) motion, the court applies the same standard as that applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Winokur, 190 F. Supp. 2d at 451.

Under Rule 12(b)(6), a case should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gould v. Lightstone Value Plus Real Estate Inv. Trust, Inc., 301 Fed. Appx. 97, 99 (2d Cir. 2008) (citation omitted). In deciding a defendant's motion to dismiss, "the court must accept as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997). The central question is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' amended complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, and to matters of which judicial notice may be taken. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). "In addition, even if not attached or incorporated by reference, a document upon which [the complaint] solely relies

and which is integral to the complaint may be considered by the court in ruling on such a motion." Roth, 489 F.3d at 509 (internal quotation marks and citations omitted; alteration in original).

In order to consider other materials, in its discretion, a court may convert a motion brought under Rule 12(c) to a motion for summary judgment under Rule 56. Gagliardi v. Village of Pawling, 18 F.3d 188, 191 (2d Cir. 1994). When a court converts a Rule 12(c) motion, the parties must be given notice, allowed to conduct any necessary discovery, and given the opportunity to submit any material pertinent to the Rule 56 motion. Id.; Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II.     Plaintiff's 42 U.S.C. § 1983 Claim Related to the Alleged Stop and Frisk

Plaintiff's second amended complaint asserts that on December 14, 2004 defendants Downey and Lamanque conducted an unconstitutional stop and frisk of him. Specifically, the complaint alleges that, at approximately 2 p.m. on that day, defendants conducted "an unconstitutional and unprivileged stop and frisk of plaintiff by detaining and searching the plaintiff and his body and possessions and by taking plaintiff's identification." Sec. Amend. Compl. at ¶¶ 3-4. Plaintiff alleges that defendants did not possess a "warrant or a privilege" and lacked probable cause to conduct the stop and frisk and that plaintiff did not consent to the stop and frisk. Id. at ¶¶ 5-9. Plaintiff seeks monetary damages from defendants under 42 U.S.C. § 1983 for the alleged constitutional violation.

In their motion for judgment on the pleadings, defendants contend that plaintiff's § 1983 claim is barred by the three-year statute of limitations for such a claim. Defendants assert that plaintiffs' cause of action under § 1983 accrued on December 14, 2004, the date of the alleged unconstitutional stop and frisk. Thus, to be timely, plaintiff would have had to file his complaint

no later than December 14, 2007, which is three years from that date. Because plaintiff did not file his complaint until April 27, 2009, defendants contend that his claim is barred by the statute of limitations.

In response, plaintiff makes two arguments.[2] First, he claims that his stop and frisk claim did not accrue on December 14, 2004, the date of the stop and frisk; rather, he contends that his claim accrued on September 26, 2006, the date he was convicted of attempted robbery and attempted assault. March 12 Aff. at ¶¶ 6-7. Second, plaintiff argues that "[a]lternatively, the period that [he] was incarcerated from December 30, 2004 to September 29, 2006 should not be calculated in the statute of limitations [because] during that period . . . [he] was under a disability." Id. at ¶ 9. In support of that assertion, plaintiff submitted to the court various court orders and hospital reports from 2005 and 2006 related to his fitness to stand trial for attempted assault and attempted robbery. See April 2 Aff. at 5-18; April 8 Aff. 6-26. Those documents show that plaintiff was under psychiatric care from December 15, 2005 to January 6, 2006 and from March 28, 2006 to June 7, 2006.[3] Plaintiff argues that, due to his psychiatric condition in 2005 and 2006, the statute of limitations for his § 1983 claim should be tolled.

"The statute of limitations imposes upon the potential plaintiff a duty to seek redress for wrongs done to him in a timely fashion, or else forfeit those claims." McEachin v. City of New

---

[2] Plaintiff made three submissions to the court in opposition to defendants' motion: an Affidavit in Opposition filed March 12, 2010 ("March 12 Aff."), Dkt. No. 25; an Affidavit in Opposition to Defendant Reply Memorandum filed April 2, 2010 ("April 2 Aff."), Dkt. No. 30; and an Affidavit in Opposition to Defendant Notice of Motion filed April 8, 2010 ("April 8 Aff."), Dkt. No. 34. On April 16, 2010, Magistrate Judge Bloom ordered that all three of plaintiff's submissions be considered as plaintiff's single opposition to defendants' motion for judgment on the pleadings. Dkt. No. 35.
[3] On December 15, 2005, the New York State Supreme Court ordered plaintiff committed to Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson") for evaluation of his mental fitness to proceed to trial. See April 8 Aff. at 6. On January 6, 2006, psychiatric examiners from Mid-Hudson deemed him fit to proceed. Id. On March 28, 2006, the New York State Supreme Court ordered another psychiatric evaluation to determine plaintiff's fitness to proceed to trial. April 2 Aff. at 16. Two psychiatric examiners from the Kings County Hospital Center deemed plaintiff unfit to proceed to trial on April 10, 2006. Id. at 11-14. In accordance with those findings, the New York State Supreme Court ordered plaintiff committed to Mid-Hudson for psychiatric care on May 4, 2006. Id. at 5. On June 7, 2006, Mid-Hudson examiners deemed plaintiff fit to proceed to trial.

7

York, No. 03-CV-6421 (CBA), 2007 U.S. Dist. LEXIS 23098, at *8 (E.D.N.Y. March 29, 2007). 42 U.S.C. § 1983 does not contain a statute of limitations provision; however, "the Supreme Court has mandated that federal courts considering § 1983 claims borrow the relevant state's general or residual statute of limitations for personal injury." Id. (citing Owens v. Okure, 488 U.S. 235, 250 (1989)). "Accordingly, New York's general statute of limitations for personal injury, which is three years, applies to cases brought pursuant to § 1983." Id. (citing Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004)).

"Federal law governs the determination of the date on which the statute of limitations begins to run for purposes of a § 1983 action." Id. (citing Owens, 488 U.S. at 251). "A plaintiff in a § 1983 action has three years from the date [he] has knowledge of or should have had knowledge of the injury which is the basis of his claim to file his complaint." Id. (citing Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (citation omitted)). A claim deriving from an allegedly unconstitutional stop and frisk accrues on the date that the stop and frisk occurred. See Bristol v. Dowling, No. 96-9676, 1997 U.S. App. LEXIS 27262, at *5 (2d Cir. Oct. 3, 1997) (holding that a search and seizure claim under § 1983 accrued on the date the search and seizure occurred); Makas v. Benjamin, No. 09-CV-00129, 2009 U.S. Dist. LEXIS 107555, at *5 (N.D.N.Y. Nov. 18, 2009) ("[A] search and seizure claim accrues 'at the time of the search or seizure.'") (citations omitted).

Accordingly, contrary to plaintiff's assertion, his cause of action did not accrue on September 28, 2006 – the date plaintiff was convicted of attempted assault and attempted robbery. Rather, plaintiff's cause of action accrued on December 14, 2004, the date of the alleged stop and frisk. In order for it to be timely, plaintiff had to file his § 1983 claim related to that stop and frisk no later than December 14, 2007, which was three years from the date his

cause of action accrued. Plaintiff did not file his complaint until April 27, 2009. His § 1983 claim therefore is barred by the statute of limitations, unless plaintiff can demonstrate that the statute of limitations was tolled, such that it had not run by April 27, 2009.

The tolling of the statute of limitations in § 1983 actions is governed by state tolling provisions. Wallace v. Kato, 549 U.S. 384, 394 (2007); McEachin, 2007 U.S. Dist. LEXIS 23098, at *11. New York Civil Practice Law and Rules ("CPLR") § 208 governs tolling of a statute of limitations due to insanity. That provision states, in relevant part:

> If a person entitled to commence an action is under a disability because of . . . insanity *at the time the cause of action accrues*, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases . . . the time within which the action must be commenced shall be extended to three years after the disability ceases.

(emphasis added). Under CPLR § 208, the statute of limitations may be tolled if the plaintiff was insane at the time the cause of action commenced or if plaintiff's insanity was caused by the event upon which the suit is predicated. Wenzel v. The Nassau Cnty. Police Dep't, No. Cv-93-4888 (ADS), 1995 U.S. Dist. LEXIS 22067, at *10 (E.D.N.Y. Aug. 5, 1995). A plaintiff must also show that he or she was continuously insane throughout the entire statute of limitations period in question. McEachin, 2007 U.S. Dist. LEXIS 23098, at *12 (citation omitted). "If a plaintiff has a lucid interval of significant duration, preceded and followed by a period of insanity, the toll is lost and is not resurrected when a plaintiff relapses into insanity." Id.

"The New York Court of Appeals has defined 'insanity' under section 208 to include 'only those individuals who are unable to protect their legal rights because of an over-all inability to function in society.'" Wenzel, 1995 U.S. Dist. LEXIS 22067, at *11-*12 (quoting McCarthy v. Volkswagen of Am., 55 N.Y.2d 543, 548 (1982)). "The plaintiff 'must have been unable to recognize a legal wrong and to engage an attorney to remedy the wrong.'" Id.

9

(citations omitted). "Apathy, depression, posttraumatic neurosis, psychological trauma and repression therefrom, or mental illness alone have been held insufficient to invoke the tolling provisions of § 208." McEachin, 2007 U.S. Dist. LEXIS 23098, at *14. Rather, "the mental disability must be 'severe and incapacitating.'" Id. (citations omitted). The burden is upon the plaintiff to prove that he or she was insane within the meaning of CPLR § 208. Wenzel, 1995 U.S. Dist. LEXIS 22067, at *12.

Here, the court cannot determine whether plaintiff has met his burden within the context of a Rule 12(c) motion. Plaintiff alleges that the statute of limitations period was tolled due to a "disability," and he has submitted documentation showing that he was under psychiatric care during 2005 and 2006. To determine whether plaintiff has met his burden to show that the statute of limitations was tolled, the court must conduct a fact-intensive inquiry to ascertain whether: (i) plaintiff was insane within the meaning of CPLR § 208 at the time of the alleged stop and frisk, or (ii) plaintiff became insane within the meaning of that provision due to the alleged stop and frisk, and (iii) plaintiff was continuously insane within the meaning of that provision throughout the statute of limitations period. See McEachin, 2007 U.S. Dist. LEXIS 23098, at *12; Wenzel, 1995 U.S. Dist. LEXIS 22067, at *10. That fact-intensive inquiry cannot be conducted at this time. With his papers submitted in opposition to defendants' motion, plaintiff submitted court orders and hospital reports relevant to his alleged mental disability; however, those materials were not referenced in, attached to, or relied upon in his second amended complaint. Thus, that documentation is not properly considered on a Rule 12(c) motion. See Roth, 489 F.3d at 509; Chambers, 282 F.3d at 153. Consequently, the court cannot determine whether plaintiff has met his burden on this motion.

So that it may consider the documentation submitted by plaintiff, and any other

documentation relevant to the issue of plaintiff's claimed mental disability, the court is converting defendants' motion with respect to this claim into a motion for summary judgment under Rule 56. The court defers ruling on that motion at this time. "In order to determine the extent of the alleged mental disability, it is necessary to consider all of the surrounding facts and circumstances which may be relevant to the plaintiff's ability to protect [his] legal rights." Wenzel, 1995 U.S. Dist. LEXIS 22067, at *12-*13 (citations omitted). Thus, prior to the court's summary judgment ruling, the parties are entitled to conduct any necessary discovery and to submit to the court any material pertinent to plaintiff's alleged mental disability. Gagliardi, 18 F.3d at 191; Kramer, 937 F.2d at 773. Upon submission of a fully-developed factual record regarding this issue, the court will entertain defendants' motion for summary judgment with respect to plaintiff's § 1983 claim related to the alleged stop and frisk.

III.   Plaintiff's State Law Tort Claim Related to the Alleged Stop and Frisk

Although not specifically asserted, the court construes plaintiff's second amended complaint as alleging a state law tort claim for personal injury against defendants Downey and Lamanque related to the alleged December 14, 2004 stop and frisk. Defendants' contend that plaintiff's state law tort claim is barred under New York General Municipal Law §§ 50-e and

50-i.[4] Those provisions require that a plaintiff asserting a state law tort claim against a municipal entity or its employees acting within the scope of their employment must (i) file a notice of claim within ninety days after the incident giving rise to the claim, and (ii) commence the action within a year and ninety days from the date on which the cause of action accrues. N.Y. Gen. Mun. L. §§ 50-e and 50-i. Thus, because plaintiff failed to file a notice of claim within ninety days of the alleged December 14, 2004 stop and frisk, and because he did not commence this action within one year and ninety days of that date, defendants assert that plaintiff is barred from bringing his state law tort claim.

The time limitations in N.Y. Gen. Mun. L. §§ 50-e and 50-i are subject to the tolling provisions of CPLR § 208. "Section 50-i . . . of the General Municipal Law, which limits the time for bringing an action against a public corporation to 'one year and ninety days after the happening of the event upon which the claim is based,' has generally been regarded as a Statute of Limitations subject to the tolls for infancy and insanity provided in CPLR 208 . . . ." Malone v. McHugh, 797 F.Supp. 154, 155 (E.D.N.Y. 1991) (internal quotation marks and citation omitted; ellipsis in original); see Henry v. City of New York, 94 N.Y.2d 275, 280 (1999) (applying CPLR § 208's tolling provisions to N.Y. Gen. Mun. L. § 50-i). Additionally, the New York Court of

---

[4] N.Y. Gen. Mun. L. § 50-e states, in relevant part:

1. When service required; time for service; upon whom service required.

(a) In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises . . . .

N.Y. Gen. Mun. L. § 50-i states, in relevant part:

1. No action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury . . . alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district or of any officer, agent, or employee thereof, . . . unless, (a) a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with section fifty-e of this chapter . . . and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based . . . .

Appeals has indicated that a court may extend the time to serve the notice of claim under N.Y. Gen. Mun. L. § 50-e. Daniel J. v. New York Health and Hosp. Corp., 77 N.Y.2d 630, 633 (1991). "The period during which an extension may be granted is coextensive with the Statute of Limitations governing the claim, and where the time for commencing an action on the claim is tolled under CPLR 208, there will be a concomitant tolling of the time during which late notice of claim may be served." Butler v. Town of Ramapo, 242 A.D.2d 570, 571 (2d Dep't 1997).

Because the time limitations in N.Y. Gen. Mun. L. §§ 50-e and 50-i are subject to the tolling provisions of CPLR § 208, for the reasons discussed in section II supra, the court is converting defendants' motion with respect to this claim into a motion for summary judgment under Rule 56. The court defers ruling on that motion at this time. The court must conduct a fact-intensive inquiry in order to determine whether the time limitations in N.Y. Gen. Mun. L. §§ 50-e and 50-i were tolled due to plaintiff's insanity under CPLR § 208. Thus, prior to the court's summary judgment ruling, the parties are entitled to conduct any necessary discovery and to submit to the court any material pertinent to plaintiff's alleged mental disability. Gagliardi, 18 F.3d at 191; Kramer, 937 F.2d at 773. Upon submission of a fully-developed factual record regarding this issue, the court will entertain defendants' motion for summary judgment with respect to plaintiff's state law tort claim related to the alleged stop and frisk.

IV.    Plaintiff's Malicious Prosecution Claims

In his second amended complaint, plaintiff alleges that defendants Downey and Lamanque "maliciously prosecuted plaintiff by causing criminal proceeding to be instituted against plaintiff despite knowing that defendants had violated plaintiff's Constitutional rights." Sec. Amend. Compl. at ¶ 15. The court construes the complaint as alleging malicious prosecution claims under both 42 U.S.C. § 1983 and state tort law. Defendants contend that

plaintiff's malicious prosecution claim is barred under the United States Supreme Court's decision in Heck. The court agrees that plaintiff's claim under § 1983 is barred by Heck and that his state law tort claim is barred under analogous principles.

To adequately plead a cause of action for malicious prosecution under § 1983 and state tort law, a plaintiff must allege the four elements of a common law tort of malicious prosecution: (i) commencement or continuance of a criminal proceeding, (ii) lack of probable cause, (iii) existence of malice, and (iv) termination of the criminal proceeding in plaintiff's favor. DiBlasio v. City of New York, 102 F.3d 654, 657 (2d Cir. 1996); Colon v. City of New York, 60 N.Y.2d 78, 82 (1983).[5] With respect to a malicious prosecution claim under § 1983, under the Supreme Court's decision in Heck, "if the criminal trial resulted in a conviction, the cause of action of the malicious prosecution plaintiff would not accrue until 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" DiBlasio, 102 F.3d at 658 (citing Heck, 512 U.S. at 489). Likewise, with respect to a state tort law claim, the New York Court of Appeals has indicated that, to subject a person to liability for malicious prosecution, the criminal proceeding must have terminated in favor of the accused. Id. Thus, failure by a plaintiff to allege that the criminal proceeding terminated in his favor is a "fatal flaw" in a malicious prosecution claim under both § 1983 and state tort law. DiBlasio, 102 F.3d at 657.

Here, plaintiff has not pled that the relevant criminal proceeding terminated in his favor; indeed, he cannot plead that fact. Plaintiff was convicted of attempted assault and attempted robbery on September 28, 2006 in New York State Supreme Court. The New York State Appellate Division, Second Department, upheld his conviction on appeal, and the New York

---

[5] In addition to establishing those elements, to maintain a § 1983 action for malicious prosecution under the Fourth Amendment, a plaintiff must allege that an "unreasonable seizure of the person" occurred. Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 116 (2d Cir. 1995).

14

Court of Appeals declined to hear his appeal of that decision. Subsequently, this court denied plaintiff's petition for a writ of habeas corpus. Plaintiff has challenged his conviction by both direct appeal and collateral attack, and his conviction has been upheld. Thus, he cannot demonstrate that the criminal proceeding has terminated in his favor. Plaintiff therefore cannot adequately plead a claim for malicious prosecution under § 1983 or state tort law. Accordingly, the court grants defendants' motion with respect to plaintiff's malicious prosecution claims.

V.   Plaintiff's Municipal Liability Claim

In his second amended complaint, plaintiff alleges that the NYPD violated plaintiff's constitutional rights by instituting a "policy and pattern of stopping and frisking black men carrying of bags without probable cause or privilege to do so." Sec. Amend. Compl. at ¶ 14. The court construes this as a claim for municipal liability pursuant to 42 U.S.C. § 1983 against the NYPD and the City of New York. Defendants argue that plaintiff has failed to plead a viable municipal liability claim. The court agrees. Neither the NYPD nor the City of New York is named as a defendant in plaintiff's second amended complaint. However, even if defendant had named those parties as defendants, his municipal liability claim would be dismissed.

The NYPD is not a proper party to this action. It has been widely held that agencies of the City of New York cannot be sued independently under § 1983. See, e.g., Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (citing New York City Charter, Chapter 17, § 396 which provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not that of any agency"); Signorile v. City of New York, 887 F. Supp. 403, 421-22 (E.D.N.Y. 1995) (the New York City Police Department is not a proper party under § 1983); Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000) (same). Thus, to the extent plaintiff seeks to name the NYPD

as a defendant, he has failed to plead a viable cause of action.

Plaintiff has also failed to plead a viable cause of action against the City of New York. To find a municipality liable under § 1983, a plaintiff must show that the alleged violation resulted from an official policy, custom or practice. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-94 (1978). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir.1983)). A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not raise the inference of the existence of a custom or policy. Campbell v. Giuliani, No. 99-2603, 2000 U.S. Dist. LEXIS 1617, at *19 (E.D.N.Y. Feb. 16, 2000) (citation omitted). Moreover, "the Second Circuit has held that 'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" Bradley v. City of New York, No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *8-*9 (E.D.N.Y. June 18, 2009) (internal quotation marks and citation omitted; ellipsis in original).

In his second amended complaint, plaintiff only cites one incident – the alleged December 14, 2004 stop and frisk – in support of his claim that the City of New York has instituted an illegal policy or practice. Aside from that incident, plaintiff offers no factual support of such a policy or practice; rather, he simply asserts that the city has a "policy and pattern of stopping and frisking black men carrying of bags without probable cause or privilege to do so." Sec. Amend. Compl. at ¶ 14. The single incident alleged in his complaint, and the

mere assertion that an impermissible policy or practice exists, are insufficient to adequately plead a claim of municipal liability against the City of New York. Thus, to the extent plaintiff seeks to name the City of New York as a defendant, he has failed to plead a viable cause of action.

Plaintiff has failed to adequately plead a claim of municipal liability under § 1983 against the NYPD or the City of New York. Accordingly, defendants' motion is granted with respect to plaintiff's municipal liability claim.

## CONCLUSION

For the foregoing reasons, defendants' motion with respect to plaintiff's claims under 42 U.S.C. § 1983 and state tort law related to the alleged stop and frisk is converted into a motion for summary judgment under Rule 56. The court defers ruling on that motion until a later date. The parties are referred to Magistrate Judge Bloom to proceed with any necessary discovery in light of this Order. Defendants' motion for judgment on the pleadings is granted with respect to plaintiff's malicious prosecution and municipal liability claims.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

SO ORDERED.

S/ Judge Ross

Allyne R. Ross
United States District Judge

Dated: December 27, 2010
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**
Travis Marshall
Harry Simmons Residence
1649 Amsterdam Avenue
Room # 7Y
New York, NY 10031